**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| COF TRAINING SERVICES, INC.<br><br>Plaintiff,<br><br>vs.<br><br>TACS, INC. and<br>TYLER TECHNOLOGIES, INC.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 06-4144-SAC |

**DEFENDANTS' ANSWER TO PLAINTIFF'S PETITION**

COME NOW Defendants TACS, Inc. and Tyler Technologies, Inc. (hereinafter collectively "Defendants"), by and through their counsel of record, and for their Answer to Plaintiff's Petition, state as follows:

1. Defendants are without sufficient knowledge, information, or belief as to the allegation contained in Paragraph 1 of Plaintiff's Petition and, therefore, deny the same.

2. Defendants deny Paragraph 2 of Plaintiff's Petition.

3. In response to Paragraph 3 of Plaintiff's Petition, Defendants admit that Tyler Technologies, Inc. is a Delaware corporation and that its resident agent is Capitol Corporate Services, Inc., 18 Tremont Street, Suite 146 Boston, Massachusetts 02108; however, Defendants deny any and all remaining allegations contained therein.

4. Defendants are without sufficient knowledge, information, or belief as to the allegation contained in Paragraph 4 of Plaintiff's Petition and, therefore, deny the same.

5. Defendants deny the allegations contained in Paragraphs 5, 6, and 7 of Plaintiff's Petition.

**Count I - Breach of Contract**

6. In response to Paragraph 8 of Plaintiff's Petition, Defendants hereby incorporate by reference their responses to Paragraphs 1 through 7 of Plaintiff's Petition.

7. Defendants deny the allegations contained in Paragraphs 9, 10, 11, 12, and 13 of Plaintiff's Petition.

**Count II - Breach of Implied Warranty of Fitness for Particular Purpose**
Pursuant to K.S.A. 84-2-315

8. In response to Paragraph 14 of Plaintiff's Petition, Defendants hereby incorporate by reference their responses to Paragraphs 1 through 7 of Plaintiff's Petition.

9. Defendants deny the allegations contained in Paragraphs 15, 16, 17, 18, and 19 of Plaintiff's Petition.

**Count III - Implied Warranty of Merchantability**
Pursuant to K.S.A. 84-2-314

10. In response to Paragraph 20 of Plaintiff's Petition, Defendants hereby incorporate by reference their responses to Paragraphs 1 through 7 of Plaintiff's Petition.

11. Defendants deny the allegations contained in Paragraphs 21, 22, 23, 24, and 25 of Plaintiff's Petition.

**Affirmative Defenses**

12. Defendants state that Plaintiff's Petition, and each and every claim, count, and cause of action asserted therein against them, fail to state a cause of action upon which relief may be obtained from Defendants.

13. Defendants state that Plaintiff's claims are barred by the applicable Statute of Limitations.

14. Defendants state that the software and associated services referred to in Plaintiff's Petition that it provided to Plaintiff were of good quality, free from fault and defects, and in conformance with any alleged contracts between the parties hereto.

15. Defendants state that Plaintiff's claims are barred by the doctrines of estoppel, waiver, and/or laches.

16. Defendants state that the alleged contract referenced in Plaintiff's Petition is void and not binding upon Defendants for lack and want of consideration.

17. Defendants state that they were unaware of Plaintiff's intended particular purpose for the software and associated services referred to in Plaintiff's Petition; that the Plaintiffs did not rely on Defendants' expertise in furnishing the software and associated services referred to in Plaintiff's Petition suitable for its purpose; and Defendants were unaware of the Plaintiff's reliance, which these Defendants deny, on any expertise of the Defendants. Defendants further state that Plaintiff provided any specifications for the

software and associated services referred to in Plaintiff's Petition it purchased from Defendants.

18. Defendants allege the parole evidence rule and relevant statute of frauds preclude any of Plaintiff's claims.

19. Defendants allege that Plaintiffs accepted the software and associated services referred to in Plaintiff's Petition after a reasonable opportunity to inspect the same, constituting a valid accord and satisfaction between the parties.

20. Defendants allege a failure by Plaintiffs to effectively reject the software and associated services referred to in Plaintiff's Petition.

21. Plaintiff failed to mitigate its alleged damages, and, thus, Defendants specifically deny the nature and extent of damages, if any, suffered by Plaintiff.

22. Any alleged warranties, express or implied, neither induced Plaintiff to purchase the software and associated services referred to in Plaintiff's Petition, nor were such alleged warranties a material factor in Plaintiff's decisions to purchase the software and associated services referred to in Plaintiff's Petition.

23. Defendants reserve the right to supplement their affirmative defenses as discovery progresses in this matter.

WHEREFORE, having fully answered Plaintiff's Petition, defendants TACS, Inc. and Tyler Technologies, Inc. pray that Plaintiff's Petition be dismissed for their costs herein incurred and for such other and further relief as this Court deems just and proper.

Respectfully submitted

/s/ Theresa A. Otto

Theresa A. Otto, Esq. (#16628)
Molly B. Westering, Esq. (#20860)
BATY, HOLM & NUMRICH, P.C.
4600 Madison Avenue, Suite 210
Kansas City, MO 64112-3012
Telephone: 816-531-7200
Telecopy: 816-531-7201
ATTORNEYS FOR DEFENDANTS

***Certificate of Electronic Filing***

I hereby certify that on January 4, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Rodney K. Murrow, Esq. (#14573)
Commerce Bank Building
8700 Monrovia, Suite 208
Lenexa, Kansas 66215
Telephone: 913-227-0100
Telecopy: 913-227-0149
MurrowLaw@aol.com
www.MurrowLaw.com
ATTORNEY FOR PLAINTIFF

/s/ Theresa A. Otto
Attorneys for Defendants