**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| COF TRAINING SERVICES, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 06-4144-SAC |
| vs. | ) | |
| | ) | |
| TACS, INC. and | ) | |
| TYLER TECHNOLOGIES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**<u>PROTECTIVE ORDER</u>**

NOW on this 16th day of March, 2007, the above-captioned matter comes on for consideration by the Court.  The parties have jointly requested a Protective Order because they seek to discover and/or produce confidential information, documents and things, including personal identification information of plaintiff's clients and trade secret or other confidential research, development, or commercial information of defendants regarding the subject computer software.

IT IS HEREBY ORDERED that each of the parties, by itself or through its counsel, agrees to the terms of this Protective Order, shall be governed by the following terms and conditions in connection with the production of Confidential Information in this action.

<u>Purpose</u>:  This Order is entered solely for the purpose of facilitating the exchange of information between the parties to this action without involving the Court unnecessarily in this process.  The parties expect that certain documents of a sensitive nature, including, but not limited to employment, medical, research, development, and financial records, will be requested during the course of discovery.  The parties have requested that this Protective Order be entered because they would prefer not to expend resources fighting over whether such documents should

be produced.

1.  <u>Definitions</u>

    (a)     The term "Confidential Information" means any information, whether oral or in documentary or other tangible form, so designated by any producing person and reasonably and in good faith believed by the producing person to be of the type protectable under Rule 26(c)(7), Fed. R. Civ. P.

    (b)     The term "disclose" means to show, give, make available or communicate, in any fashion, to any person, any information, document, information concerning the content of any document, or any portion of the information contained in any document, furnished by any party or non-party in this action.

    (c)     The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure.  A draft or non-identical copy is a separate document within the meaning of the term.

    (d)     The term "person" means any natural person, corporation, partnership, sole proprietorship, group, association, organization, business entity, governmental body, or agency.

    (e)     The term "producing person" means any person, whether a party or non-party, who produces any information, whether oral or in documentary or other tangible form, in response to any discovery method permitted by the Federal Rules of Civil Procedure.

    (f)     The term "qualified person" means (I) outside counsel engaged to

-2-

represent one of the parties to this action, including necessary legal assistants and stenographic and clerical employees actually assisting such counsel and outside vendors engaged by such counsel for any document management purpose (such as copying); (ii) in-house lawyers engaged in preparation for trial and trial of this litigation, including necessary legal assistants and stenographic and clerical employees actually assisting these lawyers;  (iii) outside independent experts and consultants of the parties who are assisting counsel identified in (I) and (ii) in this action and any necessary assistants and stenographic and clerical employees under their direct supervision and employed by them or their employer or organization; and (iv) the Court and Court personnel, including stenographic reporters.

(g)     The term "receiving party" means any person to whom information is disclosed in this action in response to any discovery method permitted by the Federal Rules of Civil Procedure.

2.     This Order applies to all documents and information produced in this action regardless of whether such documents or information were produced prior to or after the entry of this Order.

3.     Any non-party to this action who desires the protection of this Order with respect to any discovery obtained from it in this action may obtain such protection by having its counsel prepare, execute and deliver to each party an agreement in the form of Exhibit A attached hereto.

4.     Any information supplied in documentary or other tangible form may be designated by the producing person as Confidential Information by placing or affixing on each

page of such document, or on the face of such thing, the legend "CONFIDENTIAL."  In the case of documents produced prior to the entry of this Order, the producing person shall have fifteen (15) days from the date of entry of this Order to designate in writing each document containing Confidential Information and each such designated document shall thereafter be treated as Confidential Information under the terms of this Order.  In the case of documents that are produced by non-parties, the parties shall have fifteen (15) days from the production of those documents to designate in writing each document containing Confidential Information and each such designated document shall thereafter be treated as Confidential Information under the terms of this Order.

5.     Confidential Information designated as "Confidential" may be disclosed to qualified persons, and to the officers and directors of the named parties to this litigation.

6.     Prior to any disclosure of Confidential Information to any qualified person, such qualified persons shall read this Order and (I) agree to be bound by the terms thereof, (ii) agree to maintain said information in confidence, and (iii) agree not to disclose Confidential Information to anyone other than as set forth herein.  Stenographic and clerical employees and assistants described in Paragraph 1(f) of this Order are entitled to review Confidential Information provided that such persons are informed that such information is subject to court order, must be held in confidence, and cannot be disclosed to anyone, and that such person agree to abide by these terms.  No person to whom Confidential Information is made available shall make use of such material for any purpose other than the prosecution or defense of this action. No person to whom Confidential Information is made available shall disclose the contents of such material to any other person or entity, except as permitted by this Order.

7.     A person not otherwise permitted under this Order to have access to Confidential Information may be interviewed, may be examined as a witness at a deposition, may be shown, and may testify concerning any Confidential Information as follows:

(a)     A present employee of a producing person may be examined, may be shown, and may testify concerning any Confidential Information of that producing person, subject to the provisions of this Order.

(b)     A former employee or consultant of a producing person may be interviewed,          may be examined, may be shown, and may testify concerning any Confidential Information of that producing person if such information (I) relates to the period of the former employee's or consultant's employment or retention with the producing person, and (ii) pertains to the subject matter of his or her employment or consultation or to the subject matter of his or her communications with that person.

(c)     A non-party individual who has had any contact or relationship with a party may be interviewed, may be examined, may be shown, and may testify concerning:

(1)     any document containing Confidential Information that appears on its face to have been previously communicated to or from the non-party individual; and

(2)     any Confidential Information of a party that specific documentary or testimonial evidence by that witness or others indicates was communicated between the non-party individual and the party.

-5-

8.      In the event that any question is asked at a deposition that involves or calls for the disclosure of Confidential Information, the witness shall nevertheless answer such question unless he or she has an independent basis for not responding, provided that the only persons in attendance at the deposition are persons who are qualified to receive the Confidential Information.  Counsel for the person claiming confidentiality may designate portions of the deposition as Confidential Information, either at the deposition by making a statement for inclusion in the deposition transcript, or within fifteen (15) business days after receipt of the deposition transcript by notifying opposing counsel in writing.  All transcripts of depositions shall be treated as "Confidential" until fifteen (15) business days after receipt thereof by counsel for the parties and counsel for the witness.

9.      Prior to filing Confidential Information with the Court, the party seeking to file the same shall first file a motion with the court and be granted leave to file the particular document under seal.  If such leave is granted, all documents, including pleadings, motions, and other papers, containing Confidential Information that are filed with the Court shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, the word "CONFIDENTIAL," and a statement substantially in the following form:

> FILED UNDER SEAL
> By order of the Court, entered on [date], this envelope is to remain
>
> sealed and the Clerk of the Court shall not reveal the contents
>
> thereof to any person until further order of this Court.

All information subject to confidential treatment in accordance with the terms of this Order that

is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed and kept under seal until further order of the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal.

10.     The parties, and any non-party that signs this Order and produces information subject to this Order, shall attempt to agree upon procedures to prevent disclosure of Confidential Information at any hearing or trial, shall, prior to such hearing or trial, submit such proposed procedures to the Court for its approval or modification, and shall submit any disputes relating thereto to the Court for its resolution.

11.     If Confidential Information in the possession, custody or control of any receiving party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request or compulsory process of any court, administrative or legislative body or any other person or tribunal purporting to have opportunity to seek such information by compulsory process or discovery request, including private parties, the receiving party to whom the process or discovery request is directed, shall (I) on the second business day after receipt thereof, give written notice by hand or facsimile of such process or discovery request together with a copy thereof, to counsel for the producing person; (ii) cooperate to the extent necessary to permit the producing person to seek to quash such process or discovery request; and (iii) not make production or disclosure of such Confidential Information until the producing person consents in writing to production or the receiving party is ordered by a court to produce or disclose such Confidential Information, so long as the order is not stayed prior to the date set for production or disclosure.

12.     Upon final termination of this action, including all appeals, all parties and experts and consultants shall either return to the producing person or destroy all originals of material produced and designated as Confidential Information and all copies, whether in whole or in part, of such documents.  Outside counsel for each party shall be entitled to retain copies of any documents that have been filed with the Court or admitted into evidence and that contain or refer to information designated as Confidential Information, provided that all such documents shall remain subject to this Order.  Counsel of record for the parties shall certify in writing to each producing person that the foregoing has been complied with.

13.     This Order is entered solely for the purpose of facilitating the exchange of information between the parties to this action without involving the Court unnecessarily in this process.  Nothing in this Order, nor the production of any documents or disclosure of any information pursuant to this Order, shall be deemed to have the effect of (I) an admission or waiver, including waiver under the rules of evidence, by any party or other subscriber to this Order; (ii) altering the confidentiality or non-confidentiality of any such information; or (iii) altering any existing obligation of any party or other subscriber, or the absence of such obligation.

14.     Nothing herein shall be taken as indicating that any document or information designated as Confidential Information is entitled to confidential treatment.  If the receiving party desires to disclose Confidential Information to non-qualified persons, or if it disagrees with the confidentiality designation by the producing person, then the receiving party and the producing person shall first try to resolve such dispute within three (3) business days.  If the dispute cannot be resolved, the party seeking such disclosure, upon no fewer than three (3)

business days' written notice to the producing person may, by specifying the basis on which it claims that such designation is improper or that such disclosure is appropriate, seek a ruling from the Court that the information is not properly designated or that such disclosure may take place because the need for such disclosure outweighs the producing person's interest in limiting the dissemination in the manner set forth in Paragraph 4 of this Order.  Pending a determination by the Court, such information shall be treated under this Order as Confidential Information as designated by the producing person.

15.    No party shall be obligated to challenge the propriety of a confidentiality designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.  This Order shall be without prejudice to the right of any party or other subscriber to this Order (I) to bring before the Court at any time the question of whether any particular document or information is Confidential Information or whether its use should be restricted or (ii) to present a motion to the Court under Rule 26(c), Fed. R. Civ P., for a separate protective order as to any such particular document or information, including restrictions different from those specified herein.  This Order shall not be deemed to prejudice any party in any future application for modification of this Order.

16.    Except as specifically noted herein, this Order shall not limit a producing person's use of its own Confidential Information, nor shall this Order limit the ability of a party to disclose any document to its author or to anyone identified on the face of the document as a recipient.

17.    The parties agree that they may seek leave to reopen the above-captioned matter to enforce the provisions of this Order.

**IT IS SO ORDERED.**

Dated this 16th day of March, 2007, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

EXHIBIT A

Form of Nonparty Agreement to be Bound by Protective Order

[Name of nonparty] hereby agrees to be bound by all of the terms of the Protective Order dated

_____, 2007, in the case captioned COF Training Services, Inc. v. TACS,

Inc. and Tyler Technologies, Inc.  [Nonparty] further agrees to consent to the jurisdiction of the

United States District Court for the District of Kansas for purposes of enforcement of the

Protective Order.



Dated: _____

                                        [name and address of non-party's counsel of record]