IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

COF TRAINING SERVICES, INC.          )
                                     )
            Plaintiff,               )
                                     )   Case No. 06-4144-SAC
vs.                                  )
                                     )
TACS, INC. and                       )
TYLER TECHNOLOGIES, INC.             )
                                     )
            Defendants.              )

### DEFENDANT TACS, INC. AND TYLER TECHNOLOGIES, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

COME NOW defendants TACS, Inc. and Tyler Technologies, Inc. (hereinafter collectively "defendants"), by and through their counsel of record, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and hereby move this Court for an Order dismissing plaintiff's claims against defendants. Defendants offer the following Memorandum in Support of its Motion:

### I. INTRODUCTION

The plaintiff, COF Training Services, Inc.("hereinafter "COF"), brings this action against defendants for Breach of Contract, Breach of Implied Warranty of Fitness for a Particular Purpose, and Breach of Implied Warranty of Merchantability under the Uniform Commercial Code (hereinafter "U.C.C."). It should be noted that plaintiff is not making a claim for a breach of an express warranty. These claims are related to COF's purchase of computer software and related support, training, and implementation on or about September 28, 2000. Subsequent to the sale of computer software, defendant TACS, Inc. (hereinafter

"TACS"), merged into defendant Tyler Technologies, Inc. (hereinafter "Tyler"). Tyler's inclusion as a defendant is based solely on its merger with TACS. Plaintiff alleges that from the time of purchase and over the next several years, it had numerous, ongoing problems with the software it purchased from defendant TACS.

On October 19, 2006, plaintiff filed a Petition in the District Court of Franklin County, Kansas alleging counts of Breach of Contract, Breach of Implied Warranty of Fitness for a Particular Purpose, and Breach of Implied Warranty of Merchantability against defendants based on the failure of the software to function properly since it was purchased. And, on December 27, 2006, defendants filed a Notice of Removal removing this action to the United States District Court for the District of Kansas pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Defendants seek the dismissal of plaintiff's claims pursuant to K.S.A. § 84-2-725, as all of plaintiff's claims against defendants are barred since they were not filed within the applicable four-year statute of limitations for contracts for the sale of goods.

## II. STANDARDS TO BE APPLIED

In ruling on a motion to dismiss under 12(b)(6) of the Federal Rules of Civil Procedure, the Court assumes the truth of all well-pleaded factual allegations. *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1997). A Rule 12(b)(6) motion shall not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

When a Complaint establishes on its face that the applicable statute of limitations has run on one or more claims, those claims are subject to dismissal. *Turner and Boisseau, Inc. v. Nationwide Mutual Insurance Co.*, 944 F. Supp. 842, 844 (D. Kan 1996).

### III. ARGUMENTS AND AUTHORITIES

Counts I, II, and III of plaintiff's Petition assert claims for Breach of Contract, Breach of Implied Warranty of Fitness for a Particular Purpose, and Breach of Implied Warranty of Merchantability, respectively. Pursuant to K.S.A. § 84-2-725, all of plaintiff's claims against defendants are barred, as plaintiff did not file the claims until over six years after the cause of action accrued. Plaintiff's Petition makes no other claim against defendants, including but not limited to, a claim for breach of an express warranty.

In the case at bar, plaintiff's claims are based on its purchase of allegedly defective computer software and defendants' failure to remedy the defect. Kansas courts have held that computer software is considered to be goods subject to the U.C.C. even if incidental services such as maintenance, training, and consulting services are provided along with the sale of the software. *Wachter Mgmt. Co. v. Dexter*, 282 Kan. 365, 369, 144 P. 3d 747, 750 (2006). Accordingly, in determining the applicable period of limitation for plaintiff's claims, the provisions of K.S.A. § 84-2-725 (1996) are controlling. K.S.A. § 84-2-725(1) (1996) provides, "[a]n action for any breach of contract for sale must be commenced within four years after the cause of action has accrued." Further, "[a] cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach

3

of warranty occurs when tender of deliver is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." K.S.A. § 84-2-725(2) (1996); *Fordyce Concrete, Inc. v. Mack Trucks, Inc.*, 535 F. Supp. 118, 119 (1985); *Atlas Indus., Inc. v. Nat'l Cash Register Co.*, 216 Kan. 213, 221; 531 P.2d 41, 47 (1975).

Applying the statute of limitations set forth in K.S.A. § 84-2-725, plaintiff's breach of contract claim, or Court I of its Petition, is barred. In its Petition, plaintiff states that it entered into a contract with TACS to provide computer software, support, training, and implementation on or about September 28, 2000. (Petition, ¶ 5.) Further, plaintiff states it had numerous ongoing problems with the implementation and usage of the software over the course of the next several years. (Petition, ¶ 5.) By plaintiff's own assertions, defendants' software was defective and unusable from September 2000 forward and plaintiff was aware of said problems.

Moreover, the breach of warranty causes of action pled in plaintiff's Petition would have accrued on the date the goods were delivered to plaintiff. There is no dispute that the software was shipped to plaintiffs on September 28, 2000, and received a few days thereafter. Accordingly, Counts II and III of plaintiff's Petition were viable in the last days of September 2000 or early October 2000. Plaintiff alleges no facts to support that defendants explicitly extended it a warranty for future performance of its product; plaintiff's action is

for breach of implied, not express, warranties. Thus, since plaintiff's cause of action was filed on October 19, 2006, more than four years after delivery of the software, plaintiff's warranty claims are barred by the four-year statute of limitations, K.S.A. § 84-2-725, and Counts II and III of plaintiff's Petition should be dismissed.

In conclusion, plaintiff's cause of action against defendants accrued on or about September 28, 2000. Plaintiff's cause of action was filed on October 19, 2006, more than four years after it accrued. Plaintiffs failed to file their action against defendants in a timely manner, and therefore, its claims for Breach of Contract, Breach of Implied Warranty of Fitness for a Particular Purpose, and Breach of Implied Warranty of Merchantability are barred and plaintiffs' Petition should be dismissed.

## IV. CONCLUSION

WHEREFORE, for the foregoing reasons, defendants respectfully request that this Court dismiss plaintiff's claims for Breach of Contract, Breach of Implied Warranty of Fitness for a Particular Purpose, and Breach of Implied Warranty of Merchantability; and for such other and further relief as the Court deems just and proper.

                                            Respectfully submitted

                                            /s/ Theresa A. Otto
                                            Theresa A. Otto, Esq. (#16628)
                                            Molly B. Westering, Esq. (#20860)
                                            BATY, HOLM & NUMRICH, P.C.
                                            4600 Madison Avenue, Suite 210
                                            Kansas City, MO 64112-3012
                                            Telephone:  816-531-7200
                                            Telecopy:    816-531-7201
                                            ATTORNEYS FOR DEFENDANTS

*Certificate of Electronic Filing*

I hereby certify that on March 30, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Rodney K. Murrow, Esq. (#14573)
Commerce Bank Building
8700 Monrovia, Suite 208
Lenexa, Kansas 66215
Telephone:   913-227-0100
Telecopy:    913-227-0149
MurrowLaw@aol.com
www.MurrowLaw.com
ATTORNEY FOR PLAINTIFF


 /s/ Theresa A. Otto
Attorneys for Defendants