1
2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

3
4
5
6
7
8
9

| | |
|---|---|
| **COF TRAINING SERVICES, INC.,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| **vs.** ) | **Case No. 06-4144-SAC** |
| ) | |
| **TACS, INC. and** ) | |
| **TYLER TECHNOLOGIES, INC.** ) | |
| ) | |
| **Defendants** ) | |
| _____ ) | |

10
11

**MEMORANDUM IN SUPPORT OF PLAINTIFF COF TRAINING SERVICES, INC.'S RESPONSE TO DEFENDANT TACS, INC. AND TYLER TECHNOLOGIES, INC.'S MOTION TO DISMISS**

12
13

COMES NOW the Plaintiff COF Training Services, Inc. (hereinafter "COF")

14

and respectfully requests this Court to deny Defendant TACS, Inc. and Tyler

15

Technologies, Inc.'s (hereinafter "Defendants") Motion to Dismiss. In support of

16

this Response, COF respectfully alleges and states as follows:

17

**I. INTRODUCTION**

18
19

Motion's to dismiss are strongly disfavored by the law and Defendants'

20

motion should only be granted if it is clear that, under no facts, could COF prevail.

21

The facts and pleadings should be construed in the light most favorable to COF.

22
23

COF's claims are not barred because the claims did not accrue until 2006.

24

Defendant's repeated remedial promises and remedial efforts tolled the statue of

25

limitations until such time as the Defendant abandoned those efforts. Finally,

26

Defendants are equitably estopped from relying on the statute of limitations as a

27
28

1  defense.  For all of the reasons, Defendant's motion to dismiss should be denied.

2
## II.  STANDARDS OF REVIEW
3

4        The standards of review for a motion to dismiss pursuant to Rule 12(b)(6) are

5  well-known, but nonetheless bear repeating.

6  In ***Kennedy v. Lake*** 207 Fed.Appx. 900, 2006 WL 3480400 (10th Cir. 2006), the

7  Court stated that:

8
> ". . .a complaint should not be dismissed for failure to state a claim
9  > 'unless it appears beyond doubt that the plaintiff can prove *no set of*
   > *facts* in support of his claim which would entitle him to relief.' ***Hall v.***
10 > ***Bellmon***, 935 F.2d 1106, 1109 (10th Cir.1991) (quotation omitted). In
   > making this determination, a court must presume that "plaintiff's
11 > factual allegations are true and construe[ ] them in the light most
   > favorable to the plaintiff." *Id*. (emphasis added)
12 > ***Kennedy v. Lake*** 207 Fed.Appx. 900, 902, 2006 WL 3480400, 1 (10th Cir.
13 > 2006).

14
15        In ***Jenkins v. Security Sav. Bank of Michigan*** 1993 WL 669270, (10th Cir.,

16 1993), the court stated the standards for reviewing 12(b)(6) as follows:

17 > Generally, motions to dismiss for failure to state a claim are viewed
18 > with disfavor and therefore are rarely granted. 5 ***Wright and Miller,***
   > ***Federal Practice and Procedure*** § 1357 (1990). In ruling on a
19 > motion to dismiss, the court must construe the complaint in the light
   > most favorable to the plaintiff, and take the allegations asserted in the
20 > complaint as true. *See **Scheuer v. Rhodes**,* 416 U.S. 232, 236 (1974).

21 > The district court should not grant a motion to dismiss for failure to
22 > state a claim unless it "appears beyond doubt that the plaintiff can
   > prove no set of facts in support of his claim which would entitle him to
23 > relief." ***Conley v. Gibson***, 355 U.S. 41, 45-46 (1957). Therefore, "the
   > issue is not whether a plaintiff will ultimately prevail but whether the
24 > claimant is entitled to offer evidence to support the claims." ***Scheuer***
   > ***v. Rhodes***, 416 U.S. 232, 236 (1974).
25
26 > ***Jenkins v. Security Sav. Bank of Michigan*** 1993 WL 669270, *3
27 > (10th Cir., 1993)

28                              Page 2 of  7

COF's claims were timely filed because the claims did not accrue until long after the dates represented by Defendants due to repeated remedial efforts and remedial promises made by Defendants which tolled the statute of limitations. Defendants are equitably estopped from relying on the statute of limitations defense.

It is a question of fact regarding Defendant's repeated and ongoing remedial promises which induced COF to delay filing suit and such Defendant's motion should be denied.

## III.  ARGUMENTS AND AUTHORITIES

### A.     Defendants' Repeated Remedial Promises Tolled the Accrual of the Statute of Limitations.

Defendants made numerous remedial promises and attempts, upon which COF relied, to correct the deficiencies in the software at issue.  Those remedial promises tolled the accrual of COF's claims until such time as those attempts were abandoned.

Discovery will reveal that Defendants made repeated remedial promises and efforts to remedy, all unsuccessfully.  Defendants continued to represent that they would perform by coming to COF in the future to conduct training and remedy the problems on-site.   COF relied upon these remedial promises of future on-site repair but Defendants repeatedly re-scheduled or made excuses and never came to COF's place of business as promised for the repair and training.  Throughout this time, Defendants' continued to represent their future performance regarding repair.

1
2
3
4
5

Discovery will further reveal that COF didn't abandon remedial attempts on this software until 2006 when Defendant notified COF that they were ceasing development of said software and would take no more action to resolve these problems, including coming to COF's place of business.

6
7

COF addressed the remedial efforts in ¶ 5-6 of the petition, which state in pertinent part:

8
9
10
11

> 5.   ... Over the course of the next several years, Plaintiff COF had numerous ongoing problems with implementation and usage of the software purchased from defendant TACS.  Said software failed to perform its particular purpose and *repeated attempts at resolution of the problems were unsuccessful.*

12
13

> 6.   Defendant TACS has ceased further development on said software, *and ended any further attempts to correct said problems.*

14
15
16
17

The impact of remedial promises on the statute of limitations in such situations was clearly explained in ***Poli v. DaimlerChrysler Corp***. 349 N.J.Super. 169, 793 A.2d 104, 110 - 111 (N.J.Super.A.D.,2002):

18
19

> This is also the view taken of some scholarly commentaries. For example, Anderson on the Uniform Commercial Code states:

20

> ....

21
22
23
24
25
26
27

> Although ... courts [that treat a covenant to repair or replace as a warranty of future performance] are sound in their conclusion that *the statute of limitations should not commence until the seller has breached its promise to repair or replace the goods or any defective parts*, it makes more sense to view the seller's failure to do so as a breach of contract, rather than as a breach of warranty. By so doing, *the buyer's cause of action does not arise until the seller has refused to repair or replace the goods rather than upon the tender of delivery.*

28

Page 4 of  7

1

2

[Lary Lawrence, *Lawrence's Anderson on the Uniform Commercial Code* § 2-725:129 at 332-33 (3d ed.2001).]

3

. . .

4

5

6

7

8

9

10

We have no need to decide whether defendant's seven-year/seventy-thousand-mile powertrain warranty constituted a warranty of future performance within the intent of N.J.S.A. 12A:2-725(2) or an independent promise to repair defects in the powertrain that appear during the term of the warranty because, *under either view, plaintiff's cause of action would not have accrued when the car was delivered in 1993 but rather when persistent problems in the engine timing belt appeared in 1997 or when defendant was allegedly unable to repair this defect in a timely manner in July 1998, and thus plaintiff's complaint was timely filed in December 1998.*

11

12

***Poli v. DaimlerChrysler Corp***. 349 N.J.Super. 169, 179-180, 793 A.2d 104, 110 - 111 (N.J.Super.A.D.,2002)

13

The logic and wisdom of this doctrine is clear:

14

15

16

17

"The U.C.C. provides the exception in § 2-275(2) because without it, a situation could arise where a buyer, after tender of delivery, could be awaiting such future performance only to have the four year limitation period expire and the future performance promised subsequently fail to occur, thereby leaving the buyer without legal recourse upon such an expressed warranty."

18

19

***Ontario Hydro v. Zallea Systems, Inc***., 569 F.Supp. 1261, 1266 (D.Del.1983)

20

As predicted in ***Ontario***, that is precisely the case at bar.

21

22

Defendants want to use the delivery date as the accrual date of the claim for

23

purposes of the statute of limitations.  Defendants' own actions, however, require a

24

much later accrual date.  COF's claims do not accrue until such time as Defendant

25

withdrew the remedial promises, which discovery will reveal did not occur until

26

2006.  These are all questions of fact sufficient to defeat Defendants' 12(b)(6)

27

28

Page 5 of  7

1  motion.

2  **B.     Defendants are Equitably Estopped from Relying on the Statute of
3          Limitations Defense.**

4          Defendants repeated remedial promises induced COF to continue to work to

5  resolve the defects rather than pursuing legal remedies.  Kansas law is clear that a

6  party may be equitably estopped from relying on the statute of limitations as a

7

8  defense.

9          "The doctrine of equitable estoppel is based upon the principle that a person

10  is held to a representation made or a position assumed when otherwise inequitable

11  consequences would result to another who, having the right to do so under all the

12  circumstances, has in good faith relied thereon." ***Hustead v. Bendix Corp***. 233

13  Kan. 870, 873, 666 P.2d 1175, 1178 (Kan.,1983).  *See, also*, ***Bowen v. Westerhaus***,

14  224 Kan. 42, 578 P.2d 1102 (1978) (questions of fact existed regarding equitable

15  estoppel of statute of limitations defense).

16

17          Discovery will show COF relied, in good faith, on the ongoing remedial

18  promises of Defendants and that such reliance worked to COF's detriment.  Again,

19  as with the remedial promises of Defendants, there are significant questions of fact

20  which exist regarding the estoppel of Defendants' reliance on the statute of

21

22  limitations defense.

23          WHEREFORE, Plaintiff COF Training Services, Inc. respectfully requests

24  this Court to issue its order denying Defendant TACS, Inc. and Tyler Technologies,

25  Inc.'s Motion to Dismiss and for such other and further relief as the Court deems

26

27

28                                  Page 6 of  7

1  just and equitable.

2                                        **Law Office of**
3                                        **RODNEY K. MURROW, P.A.**

4
5                                         /s/ Rodney K. Murrow
                                         Rodney K. Murrow, Esq. #14573
6                                        Commerce Bank Building
                                         8700 Monrovia, Suite 208
7                                        Lenexa, Kansas 66215
                                         (913) 227-0100
8                                        (913) 227-0149 Facsimile
                                         MurrowLaw@aol.com
9                                        www.MurrowLaw.com
10                                       ATTORNEY FOR PLAINTIFF

11

12

13  **Certificate of Electronic Filing**

14
    I hereby certify that on April 20, 2007,
15  I electronically filed the foregoing with the
    Clerk of the Court using the CM/ECF
16  system which sent notification of such
17  filing to the following:

18  Theresa A. Otto
19  Molly B. Westering
    BATY, HOLM & NUMRICH
20  4600 Madison Ave., Suite 210
    Kansas City, MO  64112
21  Telephone:  816-531-7200
22  FAX:  816-531-7201

23

24
     /s/ Rodney K. Murrow
25  ATTORNEY FOR PLAINTIFFS

26

27

28                           Page 7 of  7