IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| COF TRAINING SERVICES, INC.             )<br>                                                              )<br>                    Plaintiff,                         )<br>                                                              )     Case No. 06-4144-SAC<br>vs.                                                        )<br>                                                              )<br>TACS, INC. and                                   )<br>TYLER TECHNOLOGIES, INC.          )<br>                                                              )<br>                    Defendants.                     ) | |

## DEFENDANT TACS, INC. AND TYLER TECHNOLOGIES, INC.'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

COME NOW defendants TACS, Inc. and Tyler Technologies, Inc. (hereinafter collectively "defendants"), by and through their counsel of record, and hereby submit the following reply in support of their Motion to Dismiss:

### I. INTRODUCTION

In opposition to defendants' Motion to Dismiss, plaintiff argues that defendants made remedial promises to plaintiff to correct the alleged deficiencies in the subject software which both toll the accrual of plaintiff's claims and equitably estop defendants from relying on the statute of limitations as a defense. However, for the reasons set forth below and in defendants' Motion to Dismiss and accompanying Memorandum in Support, plaintiff's claims should be dismissed.

## I. Plaintiff's Petition Sets Forth Only Implied Warranty Claims for Which the Statute of Limitations is Not Tolled

Plaintiff argues that defendants made remedial promises and efforts to remedy the alleged defects with the subject software. In support of its argument that such alleged remedial promises toll the statute of limitations for its claims, plaintiff relies on cases from New Jersey and Delaware which are distinguishable from the case at hand. *Poli v. DaimlerChrysler Corp.*, 349 N.J. Super. 169, 793 A.2d 104 (2002) and *Ontario Hydro v. Zallea Systems, Inc.*, 569 F.Supp 1261 (1983), discuss the date a cause of action would accrue for an **express** seven-year/seventy thousand mile powertrain vehicle warranty and an **express** one-year repair warranty, respectively. Contrary to these cases wherein the court analyzed express warranties, plaintiff's Petition only sets forth claims for breach of an implied warranty of fitness for a particular purpose and an implied warranty of merchantability. There is no express warranty at issue in this case.

K.S.A. § 84-2-725, which sets forth the four-year statute of limitations for any breach of contract for sale, provides that a cause of action accrues when the breach occurs and that a breach of warranty occurs when tender of delivery is made, except where a warranty extends to future performance of the goods. Kansas courts have held that a claim for breach of implied warranties does not fall under the future performance exception to the four-year statute of limitations. *Voth v. Chrysler Motor Corp.*, 218 Kan. 644, 652, 545 P.2d 371, 378 (1976). Accordingly, as there is not an express warranty applicable in this matter, and plaintiff's claims for breach of implied warranties are also governed by the four-year statute

of limitations that dictates their breach of contract claim, all of plaintiff's claims against defendants should be dismissed.

## II. Defendants are not Equitably Estopped from Relying on a Statute of Limitations Defense

Plaintiff's Petition does not contain any allegations to indicate that defendants affirmatively acted to mislead and induce plaintiff from filing suit against them. And, to establish estoppel, plaintiff has to prove that defendants affirmatively induced them to delay filing suit. *Newman Mem'l Hosp. v. Walton Cost. Co.*, 37 Kan. App. 2d 46, 149 P.3d 525, 542(2007), *citing Coffey v. Stephens*, 3 Kan. App. 2d 596,599, 599 P.2d 310 (1979). In its reply, plaintiff states that "ongoing remedial promises" of defendants toll the statute of limitations for its claims. However, in *Newman*, the Court stated that performance of remedial work did not support estoppel. 37 Kan. App. 2d 46, 149 P.3d 525, 542. Accordingly, the statute of limitations for plaintiff's claims is not tolled and plaintiff's claims should be dismissed as they were filed out of time.

WHEREFORE, for the foregoing reasons, defendants respectfully request that this Court dismiss all Counts contained in plaintiff's Petition, and for such other and further relief as the Court deems just and proper.

Respectfully submitted

/s/ Theresa A. Otto
Theresa A. Otto, Esq. (#16628)
Molly B. Westering, Esq. (#20860)
BATY, HOLM & NUMRICH, P.C.
4600 Madison Avenue, Suite 210
Kansas City, MO 64112-3012
Telephone:   816-531-7200
Telecopy:    816-531-7201
ATTORNEYS FOR DEFENDANTS

*Certificate of Electronic Filing*

I hereby certify that on May 8, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Rodney K. Murrow, Esq. (#14573)
Commerce Bank Building
8700 Monrovia, Suite 208
Lenexa, Kansas 66215
Telephone:   913-227-0100
Telecopy:    913-227-0149
MurrowLaw@aol.com
www.MurrowLaw.com
ATTORNEY FOR PLAINTIFF

/s/ Theresa A. Otto
Attorneys for Defendants