## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

COF TRAINING SERVICES, INC.              )
                                         )
                    Plaintiff,           )
                                         )      Case No. 06-4144-SAC
vs.                                      )
                                         )
TACS, INC. and                           )
TYLER TECHNOLOGIES, INC.                 )
                                         )
                    Defendants.          )

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY

### I. INTRODUCTION

The plaintiff, COF Training Services, Inc.(hereinafter "COF"), brings this action

against defendants TACS, Inc. and Tyler Technologies, Inc. (hereinafter collectively

"defendants") for Breach of Contract, Breach of Implied Warranty of Fitness for a Particular

Purpose, and Breach of Implied Warranty of Merchantability under the Uniform Commercial

Code (hereinafter "U.C.C."). It should be noted that plaintiff is not making a claim for a

breach of an express warranty. These claims are related to COF's purchase of computer

software and related support, training, and implementation on or about September 28, 2000.

On February 15, 2007, this Court entered its Scheduling Order for this matter, which

set the deadline for the close of discovery as November 2, 2007 (Doc. 10). Presently, the

Court has under consideration defendants' Motion to Dismiss (Doc. 12). The defendants

request that this Court enter an Order staying discovery until such time as the Judge has had

opportunity to rule on defendants' Motion to Dismiss.

## II. ARGUMENTS AND AUTHORITIES

Common with all matters of procedure, discovery "has ultimate and necessary boundaries." *Oppenheimer Fund Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The Courts are given broad discretion to control and place appropriate limits on discovery. *Corwin v. Marney, Orton Invs.*, 843 F.2d 194, 200 (5th Cir.), *cert denied*, 109 S.Ct. 305 (1988). In particular, this discretion may be properly exercised to stay discovery pending a decision on a dispositive motion. *Corwin*, 843 F.2d at 200; *Panola Land Buyers Ass'n v. Shuman*, 762 F. 2d 1550, 1560 (10th Cir. 1985).

It is reasonable for a Court to stay discovery until a decision on a dispositive motion where the case can be decided on that motion, where the facts sought through uncompleted discovery would not affect the resolution of that motion, and where discovery on all issues of the broad complaint would be wasteful and burdensome. *See Corwin*, 843 F.2d at 199-200 (dismissal on basis of statute of limitations); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (motion to dismiss individual officers of federal agencies since they are not proper parties to an action under the Freedom of Information Act); *Scroggins v. Air Cargo Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976) (summary judgment on the issue of anti-trust immunity). Another factor affecting the reasonableness of a stay is whether the dispositive motion on its face has some merit. *Panola Land Buyers Ass'n v. Shuman*, 762 F. 2d at 1560.

Here, plaintiff asserts three claims against defendants: breach of contract, breach of implied warranty of fitness for a particular purpose, and implied warranty of merchantability.

2

As the basis for those claims, plaintiff's Petition, which was filed in October 2006, states that in September 2000 it entered into a contract with defendant TACS and, over the course of the next several years, it had numerous ongoing problems with the implementation and usage of the software (Plaintiff's Petition ¶ 5). Thus, plaintiff's own pleading admits that its cause of action accrued more than four years before it filed its Petition. Accordingly, defendants' Motion to Dismiss based on the applicable statute of limitations has merit on its face, and discovery should be stayed until the Court has the opportunity to rule on the dispositive motion.

## III. CONCLUSION

Based upon the foregoing arguments and authorities, defendants respectfully request that this Court enter its order staying discovery pending resolution of defendants' Motion to Dismiss.

Respectfully submitted

/s/ Theresa A. Otto
Theresa A. Otto, Esq. (#16628)
Molly B. Westering, Esq. (#20860)
BATY, HOLM & NUMRICH, P.C.
4600 Madison Avenue, Suite 210
Kansas City, MO 64112-3012
Telephone:   816-531-7200
Telecopy:     816-531-7201
ATTORNEYS FOR DEFENDANTS

*Certificate of Electronic Filing*

I hereby certify that on July 24, 2007, I electronically
filed the foregoing with the Clerk of the Court using the
CM/ECF system which sent notification of such filing to the
following:

Rodney K. Murrow, Esq. (#14573)
Commerce Bank Building
8700 Monrovia, Suite 208
Lenexa, Kansas 66215
Telephone:   913-227-0100
Telecopy:    913-227-0149
MurrowLaw@aol.com
www.MurrowLaw.com
ATTORNEY FOR PLAINTIFF


 /s/ Theresa A. Otto
Attorneys for Defendants