IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

COF TRAINING SERVICES, INC.,

        Plaintiff,

     vs.                    No. 06-4144-SAC

TACS, INC., and
TYLER TECHNOLOGIES, INC.,

        Defendants.

**MEMORANDUM AND ORDER**

This case, removed from state court on the basis of diversity jurisdiction, comes before the court on the defendants' motion to dismiss for failure to state a claim on which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).  In this action, plaintiff seeks damages for breach of contract, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose.

**Standards Governing Motions to Dismiss**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The purpose of Rule 12(b)(6) is to allow a defendant to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as

true." *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (quoting

*Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).  Therefore,

dismissal should not be granted "unless it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle

him to relief," *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005)

(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)), or unless an issue

of law is dispositive.  *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  The

Tenth Circuit has observed that the federal rules "erect a powerful

presumption against rejecting pleadings for failure to state a claim."

*Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002) (quoting *Cottrell,

Ltd. v. Biotrol Int'l, Inc.*, 191 F.3d 1248, 1251 (10th Cir. 1999)).

On a Rule 12(b)(6) motion, the court's function is not to "weigh

potential evidence that the parties might present at trial, but to assess

whether the plaintiff's complaint alone is legally sufficient to state a claim

for which relief may be granted."  *Pirraglia v. Novell, Inc.*, 339 F.3d 1182,

1187 (10th Cir. 2003) (quoting *Sutton v. Utah State Sch. for the Deaf &

Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)).  In judging the sufficiency of

the complaint, a court must "accept the allegations of the complaint as true

and . . . construe those allegations, and any reasonable inferences that

might be drawn from them, in the light most favorable to the plaintiff."
*Garcia v. Lemaster*, 439 F.3d 1215, 1217 (10th Cir. 2006) (quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1223 (10th Cir. 1999)).  Courts generally "should not look beyond the confines of the complaint itself," *Bell v. Fur Breeders Agricultural Co-op*, 348 F.3d 1224, 1230 (10th Cir. 2003) (quoting *MacArthur v. San Juan County*, 309 F.3d 1216, 1221 (10th Cir. 2002)), or assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated General Contractors v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983) (footnote omitted).  "The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support [his] claims." *Beedle*, 422 F.3d at 1063 (quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002)).

Although a plaintiff need not precisely state each element of his claims, he must plead minimal factual allegations on those material elements that must be proved.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Put another way, "conclusory allegations without supporting allegations are insufficient to state a claim." *Erikson v. Pawnee*

3

*County Bd. Of County Com'rs*, 263 F.3d 1151, 1154 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110), *cert. denied*, 535 U.S. 971 (2002).  "It is true that the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts upon which a claim is based.  Nevertheless, a plaintiff must allege sufficient facts to outline a cause of action, proof of which is essential to recovery."  *Stevens v. Umstead*, 131 F.3d 697, 700 (7th Cir. 1997) (quoting *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir. 1985), *cert. denied*, 475 U.S. 1047 (1986)).

## Facts

The relevant facts are undisputed.  On or about September 28, 2000, the parties entered into a contract in which the defendant, TACS, INC.,[1] agreed to provide the plaintiff, COF Training Services, Inc., with computer software and related support, training and implementation.  Part of the contract called for the defendant to provide onsite software training, which the defendant has not provided.  Additionally, the plaintiff has had numerous ongoing problems with implementation and usage of the

---

[1] Although the plaintiff names both TACS, Inc. and Tyler Technologies, Inc. as defendants, Tyler Technologies, Inc. was not actually a party to the original contract at issue. Some time after the sale of the computer software, TACS, Inc. merged into Tyler Technologies, Inc., and Tyler Technologies, Inc. is only included as a defendant because of its merger with TACS, Inc. Therefore, anytime the court refers to the defendant in the singular, it refers to TACS, Inc.

software, and repeated attempts at resolution of the problems have been unsuccessful.  In 2006, the defendant ceased further development of the software, and informed the plaintiff that it would no longer attempt to correct the problems.

The plaintiff filed its petition on October 19, 2006, more than six years after the contract was initially entered into.  In response, the defendants filed this motion to dismiss on the grounds that the plaintiff's claims are barred because they were not filed within the four-year statute of limitations for contracts for the sale of goods found in K.S.A. § 84-2-725.

The plaintiff does not dispute that a four-year statute of limitations governs its claims.  Instead, the plaintiff contends that the defendants' repeated remedial promises and remedial efforts tolled the statute of limitations until 2006, when the defendants abandoned such efforts.  The plaintiff further argues that because it relied, in good faith, on the ongoing remedial promises made by the defendants, and that because such reliance was detrimental to the plaintiff, the doctrine of equitable estoppel should preclude the defendants from relying on the statute of limitations as a defense.

The plaintiff submits that significant questions of fact exist concerning

5

whether the defendants made repeated remedial promises, whether the plaintiff relied in good faith on such promises, and whether the plaintiff suffered a detriment as a result.  Therefore, the plaintiff argues that dismissal should be denied.

## Statute of Limitations

The statute of limitations concerning contracts for the sale of goods is established in K.S.A. § 84-2-725, which states:

> (1)An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it . . .
> (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.
> . . .
> (4) This act does not alter the law on tolling of the statute of limitations nor does it apply to causes of action which have accrued before this act becomes effective.

Under Kansas law, a contract for the sale of computer software is considered to be a contract for the sale of goods even though incidental services such as maintenance and training are provided along with the sale of the software.  *Wachter Mgmt. Co. v. Dexter*, 282 Kan 365, 369, 144 P.3d

747, 750 (2006).   Therefore, the contract between the present parties,

which deals predominately with the purchase of computer software, is a

contract for the sale of goods, and is governed by the limitations period

provided in K.S.A. § 84-2-725.  This provision was intended to establish a

uniform statute of limitations and to eliminate jurisdictional variations. *Voth*

*v. Chrysler Motor Corp.*, 218 Kan. 644, 647 (1976).

"It is a legal maxim well understood that nothing can interrupt the

running of the statute of limitations." *Rex v. Warner*, 183 Kan. 763, 771

(1959).  However, an exception to this rule is provided in K.S.A. § 84-2-

725(2).  Likewise, K.S.A. § 84-2-725(4) indicates that the four-year statute

of limitations may be tolled either by statutory tolling laws or by common

law tolling doctrines.  Additionally, "[c]ourts . . . have ingrafted upon such

statutes a[n] exception based upon estoppel."  *Rex*, 183 Kan. at 771.  If

any of these exceptions apply to the present case, the plaintiff may rely on

them to challenge the defendants' motion to dismiss.

For the exception found in K.S.A. § 84-2-725(2) to apply, the

warranty at issue must be an explicit warranty of future performance (i.e., a

guarantee that goods will perform at a certain level for a specified period of

time), and breach of that express warranty must not be discoverable until

that future performance occurs.  *Voth*, 218 Kan.at 649.  A promise or guarantee to repair the goods if something happens within a specified period of time does not fall within this exception. *Id.* at 652.  If the exception does not apply, breach of warranty occurs when tender of delivery is made, unless it is evident that the original contract requires the defendant to install the goods, in which case the action accrues when installation is completed. *Atlas v. National Cash*, 216 Kan. 213 (1975); *Dowling v. Southwestern Procelain*, 237 Kan. 536 (1985).

Because the plaintiff has not claimed breach of an express warranty of future performance, the exception in K.S.A. § 84-2-725(2) does not apply.  Consequently, the plaintiff's cause of action accrued when tender of delivery was made in late September or early October 2000.[2]  Because the express warranty exception is inapplicable and the plaintiff's action in the present case was not commenced within four years from the delivery of the software, the claim is time barred absent equitable estoppel or equitable tolling.

## Equitable Estoppel

---

[2]The software was shipped by the defendant on September 28, 2000, and it was received by the plaintiff a few days later.  It is unnecessary to determine whether tender of delivery occurred on September 28 or when the software was received by the plaintiff shortly thereafter.

8

The plaintiff contends that based on the doctrine of equitable estoppel, the defendant should be precluded from raising the statute of limitations as a defense.  A party may be prevented from raising the statute of limitations as a defense through the doctrine of equitable estoppel.  *See Zurn Constructors, Inc. v. B.F. Goodrich*, 746 F. Supp. 1051, 1056 (D. Kan. 1990).  The principle underlying this doctrine is that a person will be held to a representation made when otherwise inequitable consequences would result to another who, having a right to do so, has in good faith relied thereon. *Coffey v. Stephens*, 3 Kan. App. 2d 596, 597 (1979).  However, because equity does not aid those who slumber on their rights, a plaintiff cannot fail to exercise due care and at the same time invoke the doctrine of equitable estoppel.  *Rex*, 183 Kan. at 771-72; *Levi Strauss v. Sheaffer*, 8 Kan. App. 2d 117, 123 (1982).  Therefore, a party who knows of a wrong committed upon him may not excuse his delay in seeking redress simply because the defendant promises to repair the wrong.  *See Sweet v. Hentig*, 24 Kan. 497 (1880).

Under Kansas law, equitable estoppel only applies if an individual, by means of an affirmative representation or course of conduct, lulls the plaintiff into a false sense of security, thus inducing the plaintiff to delay in

9

filing the action.  *Rex*, 183 Kan. at 771; *City of Wichita v. U.S. Gypsum Co.*, 72 F.3d 1491, 1499-1500 (10th Cir. 1996)*; Pizza Management v. Pizza Hut*, 737 F. Supp. 1154, 1159 (D. Kan. 1990)*; Zurn Constructors, Inc. v. B.F. Goodrich*, 746 F. Supp. 1051, 1056 (D. Kan. 1990).  To successfully assert the doctrine, the plaintiff must show some detrimental change in position in reliance on the defendant's affirmative, misleading conduct. *Paul v. Monts*, 906 F.2d 1468, 1474 (10th Cir. 1990); *Bowen v. Westerhaus*, 224 Kan. 42, 46 (1978); *In re Morgan*, 219 Kan.136, 137 (1976);  *Levi Strauss v. Sheaffer*, 8 Kan.App.2d 117, 122 (1982). Additionally, the plaintiff must show that it rightfully acted upon its belief that certain facts existed, and that such belief was induced by the defendant's acts, representations, admissions, or silence.  *Hofer v. Unum Life Ins.*, 441 F. 3d 872, 883 (10th Cir. 2006); *Bowen v. Westerhaus*, 224 Kan. 42, 46 (1978).  However, it is not required that the defendant plan or intentionally contrive to lull the plaintiff into a false sense of security for the doctrine to apply.  *Coffey*, 3 Kan. App. 2d at 599*; Pizza Management*, 737 F. Supp. at 1159.

The plaintiff's petition asserts that over a period of six years, the defendant failed to honor its repeated promises to repair or implement the

computer software.  The plaintiff claims that the defendants' repeated remedial promises induced it to work towards resolving the defect in the software rather than to pursue legal remedies.  However, the plaintiff has made no allegation that the defendants requested that it refrain from filing suit, or made any representation in exchange for a promise by the plaintiff to not file suit.  Furthermore, the doctrine of equitable estoppel is only applicable if the plaintiff's reliance on the defendants' repeated promises was justified in light of the circumstances.

The plaintiff acknowledges that the reason the defendants made so many promises to repair the software was because they "repeatedly re-scheduled or made excuses and *never* came to COF's place of business as promised for the repair or training."  The court is unable to imagine any set of facts based on the allegations in the petition by which it could construe the plaintiff's reliance on the defendants' promises, which were consistently broken for six years, as reasonable.  While it may be reasonable to rely on remedial promises made by an individual for a short period of time, if the individual repeatedly and consistently fails to fulfill promises over a lengthy period of time, such reliance ceases to be reasonable.  By choosing to rely on the defendants' repeatedly unfulfilled

11

promises rather than to pursue the available legal remedies, the plaintiff failed to exercise due care.  A plaintiff "may not ignore the requirement of due care and at the same time invoke the doctrine of equitable estoppel." *Rex*, 183 Kan. at 771.

According to its petition, the plaintiff was aware that for several years after entering into the contract there were numerous ongoing problems with the software, and that the defendant repeatedly refused to provide the on-site training agreed upon in the contract.  The plaintiff was free to file suit for breach of contract and breach of the implied warranties at any time after becoming aware of these facts, but elected not to do so.  The doctrine of equitable estoppel is "not available for the protection of one who has suffered loss solely by reason of his own acts or omissions,"  *Rex*, 183 Kan. at 771, which appears to be what has occurred in the present case.

## Equitable Tolling

The plaintiff also contends that the statute of limitations should be equitably tolled until 2006, when the defendant ultimately announced that it would no longer attempt to repair the software.  The plaintiff relies completely on isolated excerpts from *Poli v. DaimlerChrysler Corp.*, 793 A.2d 104, 110-111 (N.J.Super.A.D., 2002), and *Ontario Hydro v. Zallea*

*Systems, Inc.*, 569 F. Supp. 1261, 1266 (D. Del. 1983) to support this argument.  Because these cases are from outside of this court's jurisdiction, they are not binding on this court in any way.  Furthermore, even if this court were to consider these cases as persuasive authority, when read in context, these passages do not support the conclusions drawn by the plaintiff.

In *Poli v. DaimlerChrysler Corp.*, the Superior Court of New Jersey, Appellate Division, held that the four year statute of limitations tolled because of an express seven-year, seventy thousand mile warranty provided by the defendant.  However, in reaching this conclusion, the court clarified that if the warranty at issue had been anything other than an express warranty of future performance or an express covenant to perform future repairs, the claim would have been barred by the four year statute of limitations concerning contracts for the sale of goods.  *Poli*, 793 A.2d at 108.   In *Ontario Hydro v. Zallea Systems, Inc.*, the United States District Court for the District of Delaware held that the plaintiff's claim, which was not filed within the four year statute of limitations, was time barred because there was no express warranty of future performance in the contract.  *Ontario Hydro*, 569 F. Supp. at 1266.

13

The plaintiff's reliance upon these cases is misplaced, as their holdings apply only to claims of breach of express warranties, and there is no claim for breach of an express warranty in the present case. Furthermore, even if the plaintiff were claiming breach of an express warranty of future performance, these cases actually refute the plaintiff's position.  For example, the court in *Poli* acknowledged that an express guarantee to make necessary future repairs cannot abrogate the general rule that a cause of action accrues and the limitation period begins to run when the seller's breach was or should have been discovered.  *Poli*, 793 A.2d at 108 (citing *Docteroff v. Barra Corp. of Am., Inc.*, 659 A.2d 948, 954 (N.J.Super. 1995)).  Likewise, the court in *Ontario Hydro* held that a repair warranty "has no effect on the running of the four-year limitation period after tender of delivery is made." *Ontario Hydro*, 569 F. Supp. at 1266-1267.

## Conclusion

In the present case, the exception in K.S.A. § 84-2-725(2) is not applicable because the plaintiff has not claimed breach of an express warranty.  Therefore,  the cause of action for breach of the implied warranties accrued when tender of delivery was made in 2000.  Because

14

this action was not filed within four years from that time, the plaintiff's

claims for breach of implied warranties are barred unless equity dictates

that the limitations period should be tolled or precludes the defendant from

relying on the statute of limitations as a defense.  Likewise, the cause of

action for breach of contract accrued when the defendants breached the

contract, including the agreement to provide onsite training, support, and

software implementation.  Although the exact date of breach is not

specified, the plaintiff has not suggested that the statute of limitations

accrued within four years of the date the petition was filed in 2006.

Rather, the plaintiff relies completely on doctrines of equity to avoid the

four-year statute of limitations.  However, because equitable estoppel and

equitable tolling are not applicable for the reasons discussed above, the

plaintiff's claims are all time barred.

IT IS THEREFORE ORDERED that the defendant's motion to

dismiss is granted.

Dated this 3rd day of August, 2007, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

15